# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

## NO. 22-2399

## (District Court No. 2:21-cv-01248)
_____

**Roy Lee Williams,**

**Appellant,**

**v.**

**Secretary Pennsylvania Department of Corrections; John E. Wetzel;**

**Appellees.**

_____

## APPELLANT'S ARGUMENT IN SUPPORT OF HIS APPEAL PURSUANT TO THE COURT'S IFP ORDER OF AUGUST 17, 2022

Matthew A. Feldman (PA 326273)
PENNSYLVANIA INSTITUTIONAL LAW PROJECT
718 Arch Street, Suite 304S
Philadelphia, PA19106
215-925-2966
mfeldman@pailp.org
*Attorney for Appellant Roy Lee Williams*

DATE: September 7, 2022

## I.   Factual and Procedural Background

Appellant Roy Lee Williams brought this action *pro se* alleging that Secretary of the Pennsylvania Department of Corrections ("DOC") John E. Wetzel[1] violated his rights under the Eighth and Fourteenth Amendments and the Americans with Disabilities Act ("ADA") by keeping him in solitary confinement for twenty-seven years, despite his known history of mental illness and suicidality. ECF No. 2.[2]

On April 1, 2021, the District Court *sua sponte* dismissed Mr. Williams's Fourteenth Amendment claim, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), holding that "because Mr. Williams is a convicted inmate, the Eighth Amendment, as opposed to the Fourteenth Amendment, governs his claims." ECF No. 7, ¶ 5 & n.1. On July 21, 2022, despite finding a factual dispute as to Appellees' awareness of Mr. Williams's mental illness and suicidality, the District Court granted summary judgment for Appellees on his remaining claims. ECF Nos. 34, 35; *see also* ECF No. 34 at 4, 27 (noting the factual dispute). On the Eighth Amendment claim, the District Court held that Appellee Wetzel was entitled to qualified immunity. *Id.* at 22–24. As for the ADA claim, the District Court held that

---

[1] After Appellee Wetzel's retirement, the District Court properly substituted his successor, Acting Secretary George Little, in his official capacity, as the defendant to Mr. Williams's ADA claim. ECF No. 34 at 1, n.1. The District Court had previously held, properly, that Mr. Williams's official-capacity ADA claim was tantamount to a claim against the DOC. ECF No. 7, ¶ 6 & n.2. "Appellees" is used here to refer collectively to Wetzel and the DOC.

[2] This and all subsequent ECF citations are to the District Court docket in this action.

there was no evidence Appellees or any DOC staff member had acted with deliberate indifference and that damages were therefore unavailable. *Id.* at 28. Mr. Williams now appeals.

## II.   Appellee Wetzel is not entitled to qualified immunity.

As the District Court acknowledged, Mr. Williams's Eighth Amendment claim challenges Appellee Wetzel's decision to keep him in solitary confinement notwithstanding his mental illness and suicidality. *Id.* at 1–2. Yet, in holding that Appellee Wetzel was entitled to qualified immunity, the District Court did not discuss mental illness or suicidality and only looked to this Court's opinion in *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431 (3d Cir. 2020), which involved prolonged solitary confinement of an individual ***without*** known pre-existing mental health issues.

Qualified immunity shields government officials only when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[T]his Court takes a broad view of what constitutes an established right[.]" *Peroza-Benitez v. Smith*, 994 F.3d 157, 166 (3d Cir. 2021). In addition to precedents of the Supreme Court and this Court, a "robust consensus of persuasive authorities," including "district court cases, from within the Third Circuit or elsewhere" can clearly establish a right. *Jefferson v. Lias*, 21 F.4th 74, 81 (3d Cir. 2021).

When the right at issue here is properly framed—as the right of a prisoner with a known history of mental illness and suicidality not to be subjected to prolonged, indefinite solitary confinement—it becomes clear that the District Court's reliance on *Porter* was erroneous. Controlling precedent of this Court, the conclusions of the U.S. Department of Justice ("DOJ") communicated directly to Appellees, and a robust consensus of persuasive authority dating back decades clearly establish that Appellees' conduct violated the Eighth Amendment.

Most recently, in 2017, in *Palakovic v. Wetzel*, this Court held that allegations that Appellees were aware of Brandon Palakovic's mental illness but nonetheless subjected him to solitary confinement were "more than sufficient" to state an Eighth Amendment claim, especially "in light of the increasingly obvious reality that extended stays in solitary confinement can cause serious damage to mental health." 854 F.3d 209, 226. In 2014, the DOJ communicated directly to Appellees that "the manner in which [the DOC] continues to use solitary confinement on prisoners with [serious mental illness] violates the Eighth Amendment" and that DOC prisoners had "suffered serious psychological and physical harms" as a result. ECF No. 2-1 at 65, 66; *cf. Hope v. Pelzer*, 536 U.S. 730, 744 (2002) (explaining the relevance of a similar DOJ report to the qualified immunity analysis). Moreover, several decades of district court opinions have made clear that solitary confinement of individuals with known mental illnesses violates the Eighth Amendment. *See, e.g., Braggs v.*

*Dunn*, 257 F. Supp. 3d 1171, 1267–68 (M.D. Ala. 2017); *Jones 'El v. Berge*, 164 F. Supp. 2d 1096, 1116–23 (W.D. Wis. 2001); *Madrid v. Gomez*, 889 F. Supp. 1146, 1265 (N.D. Cal. 1995); *Langley v. Coughlin*, 715 F. Supp. 522, 540 (S.D.N.Y. 1989).

### III.   Summary judgment on Mr. Williams's ADA claim was inappropriate.

The District Court erred in granting summary judgment on the ADA claim because the acknowledged factual dispute as to the DOC's awareness of Mr. Williams's mental illness *is* a factual dispute as to the DOC's deliberate indifference. To obtain damages, Mr. Williams must prove "intentional discrimination," which requires a showing of "at least deliberate indifference." *Haberle v. Troxell*, 885 F.3d 171, 178, 181 (3d Cir. 2018). To satisfy the deliberate indifference standard, he "must present evidence that shows both: (1) *knowledge* that a federally protected right is substantially likely to be violated …, and (2) *failure to act* despite that knowledge." *S.H. v. Lower Merion Sch. Dist.*, 729 F.3d 248, 265 (3d Cir. 2013) (emphasis in original).

The requisite knowledge can be established when a government agency "was aware that its existing policies made it substantially likely that disabled individuals would be denied their federally protected rights under the ADA." *Haberle*, 885 F.3d at 181. The DOJ report cited above is proof that the DOC had this exact awareness. ECF No. 2-1 at 80. Therefore, as long as the DOC was aware of Mr. Williams's mental illness history and failed to act to ameliorate the effects of solitary

4

confinement on him, the DOC was deliberately indifferent. *See, e.g., Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 292 (3d Cir. 2019). "The relevant inquiry is knowledge," *S.H.*, 729 F.3d at 266, and since the District Court found there was a factual dispute as to the DOC's knowledge of Mr. Williams's disability, summary judgment was inappropriate.

**IV.    The District Court erred by not granting leave to amend.**

The District Court dismissed Mr. Williams's Fourteenth Amendment claim *sua sponte* because it perceived the claim solely as a ***substantive due process*** claim, and concluded that, as a convicted prisoner, he could only challenge his conditions of confinement under the Eighth Amendment. ECF No. 7, ¶ 5 & n.1. But the Court failed to recognize that Mr. Williams's *pro se* complaint also indicated his intent to challenge his solitary confinement as a violation of his right to ***procedural due process***. *See* ECF No. 2, ¶¶ 11, 27. In light of this Court's precedents requiring that *pro se* pleadings be construed liberally, the District Court erred in narrowly construing Mr. Williams's Fourteenth Amendment claim as only challenging his conditions of confinement and thus duplicative of his Eighth Amendment claim. *See Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). Since the District Court made no finding that amendment would have been "inequitable or futile," nor could it have, it should have granted Mr. Williams leave to file an amended complaint. *See Dooley v. Wetzel*, 957 F.3d 366, 376 (3d Cir. 2020).

Respectfully submitted,

*/s/ Matthew A. Feldman*
Matthew A. Feldman (PA 326273)
PENNSYLVANIA INSTITUTIONAL LAW PROJECT
718 Arch Street, Suite 304S
Philadelphia, PA19106
215-925-2966
mfeldman@pailp.org
*Attorney for Appellant Roy Lee Williams*

DATE: September 7, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed and served a copy of Appellant's Argument in Support of His Appeal Pursuant to the Court's IFP Order of August 17, 2022, upon counsel for Appellees through the Third Circuit Court of Appeals' Electronic Case Filing (NextGen CM/ECF) system.

*/s/ Matthew A. Feldman*
Matthew A. Feldman (PA 326273)
PENNSYLVANIA INSTITUTIONAL LAW PROJECT
718 Arch Street, Suite 304S
Philadelphia, PA19106
mfeldman@pailp.org
215-925-2966

DATE:    September 7, 2022