

**PENNSYLVANIA INSTITUTIONAL LAW PROJECT**
718 Arch Street, Suite 304S
Philadelphia, PA 19106
T: 215-925-2966
F: 215-925-5337
www.pilp.org

July 31, 2023

*Via CM/ECF*
Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re: *Williams v. Sec'y Pa. Dep't of Corr.*, No 22-2399

Dear Ms. Dodszuweit:

      In response to the Court's letter of July 24, 2023, Appellant directs the Court to (1) JA117–118, where Mr. Williams testifies he experienced heat exhaustion because CCU prisoners could not bring water to the yard and explains he had symptoms for six months to a year, including headaches and dizziness; and (2) JA051, JA057–60, and JA234, which document his disabilities, including organic brain damage, and state they were exacerbated by prolonged isolation. A remand for discovery on Mr. Williams's Fourteenth Amendment claim would provide him the opportunity to produce evidence of additional physical injuries.

      Appellant also makes the following related points:

      ***First***, punitive and nominal damages are available to prisoners under § 1983 without a showing of physical injury. *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003). Procedural due process claims are no exception. *See Carey v. Piphus*, 435 U.S. 247, 257 n.11, 266 (1978).

      ***Second***, nominal damages are available under Title II of the ADA. *See, e.g.*, *Tandy v. City of Wichita*, 380 F.3d 1277, 1289–90 (10th Cir. 2004).

      ***Third***, compensatory damages for injuries that are neither physical nor "mental or emotional," and are thus not subject to § 1997e(e), are available under § 1983, *see Mitchell*, 318 F.3d at 534 n.10; *Aref v. Lynch*, 833 F.3d 242, 264 (D.C. Cir. 2016), and the ADA, *see Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 375–77 (7th Cir. 2000). These include damages for diminished quality of life, *id.*, loss of educational

opportunities, *Aref*, 833 F.3d at 262, 267, and loss of liberty, *see Kerman v. City of New York*, 374 F.3d 93, 125 (2d Cir. 2004); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305–06 (1986); 1 Theodore Sedgwick, *A Treatise on the Measure of Damages* §§ 39, 49 (9th ed. 1912).

**Fourth**, Appellees have never raised § 1997e(e) and it was not addressed below, so this Court should decline to reach it. *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 545 (3d Cir. 2017); *see Henry v. Hulett*, 969 F.3d 769, 787 (7th Cir. 2020).

                                                    Respectfully submitted,

                                                    *s/ Matthew A. Feldman*
                                                    Matthew A. Feldman
                                                    *Counsel for Appellant*

cc: Anthony Kovalchick, Counsel for Appellees (*via CM/ECF*)