

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

MICHELLE A. HENRY
ATTORNEY GENERAL

August 3, 2023

*Via CM/ECF*
Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *Roy Lee Williams v. Secretary Pennsylvania Department of Corrections*, No. 22-2399

**Response of the Appellees to the Court's Inquiry dated July 24, 2023 [Appellate ECF No. 35], and the Appellant's Response dated July 31, 2023 [Appellate ECF No. 37]**

Dear Ms. Dodszuweit:

      An analysis under 42 U.S.C. § 1997e(e) is required only when a prisoner is entitled to *some* form of compensatory damages. *Doe v. Delie*, 257 F.3d 309, 314, n. 3 (3d Cir. 2001). Because Williams did not establish his entitlement to *any* form of damages, § 1997e(e) never became relevant. *Sisney v. Reisch*, 674 F.3d 839, 842, n. 5 (8th Cir. 2012).

      In any event, Williams cannot recover damages for emotional injuries under Title II of the ADA under *any* circumstances, regardless of whether he suffered a physical injury. In *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562, 1568-1569, 1576 (2022), the Supreme Court held that "emotional distress damages are not recoverable" under § 504 of the Rehabilitation Act. Since Title II incorporates the remedies available under § 504, *Cummings* would completely foreclose any attempt by Williams to recover damages for emotional distress under the ADA. *Barnes v. Gorman*, 536 U.S. 181, 185-190 (2002); 42 U.S.C. § 12133. Given that there was no "intentional discrimination," Williams cannot recover nominal damages either. *Francois v. Our Lady of the Lake Hospital, Inc.*, 8 F.4th 370, 379 (5th Cir. 2021).

A remand to facilitate discovery on a hypothetical procedural due process claim would be futile. Williams cannot sue the DOC for money damages under 42 U.S.C. § 1983. *Jones v. Unknown D.O.C. Bus Driver*, 944 F.3d 478, 482-483 (3d Cir. 2019). If this Court were to extend *Williams v. Secretary*, 848 F.3d 549, 570-576 (3d Cir. 2017), to recognize a *new* liberty interest possessed by inmates with *active* death sentences, qualified immunity would obviously shield Secretary Wetzel from suit. He would be immune from *all* forms of monetary relief, including nominal damages. *Lefemine v. Wideman*, 568 U.S. 1, 3 (2012) (*per curiam*); *Hopkins v. Saunders*, 199 F.3d 968, 976-978 (8th Cir. 1999). Williams testified that the challenged conditions had ceased on or before December 3, 2019. JA101-JA102. Therefore, he cannot seek prospective relief. *Sutton v. Rasheed*, 323 F.3d 236, 248-249 (3d Cir. 2003). Because all forms of judicial relief are foreclosed, the existence (or absence) of a physical injury is inconsequential.

                  Respectfully submitted,

                  MICHELLE A. HENRY
                  Attorney General

By:   /s/ Anthony T. Kovalchick
       Anthony T. Kovalchick
       Deputy Attorney General
       Bar No. 89056 (Pa.)

       J. Bart DeLone
       Chief Deputy Attorney General
       Appellate Litigation Section

Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
Phone: (412) 565-2543
akovalchick@attorneygeneral.gov

cc:    Matthew A. Feldman, Counsel for Appellant Roy Lee Williams
       mfeldman@pailp.org (Via CM/ECF)