

**PENNSYLVANIA INSTITUTIONAL LAW PROJECT**
718 Arch Street, Suite 304S
Philadelphia, PA 19106
T:  215-925-2966
F:  215-925-5337
www.pilp.org

July 22, 2024

<u>Via CM/ECF</u>
Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re: *Williams v. Sec'y Pa. Dep't of Corr.*, No 22-2399

Dear Ms. Dodszuweit:

      Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, Appellant Williams writes to direct the Court's attention to *Finley v. Huss*, 102 F.4th 789 (6th Cir. 2024), particularly its ADA and Fourteenth Amendment liberty-interest analyses.

      ***First***, *Finley* supports Appellant's argument that the DOC violated the ADA by failing to make reasonable modifications to ameliorate the negative effects solitary confinement had on him due to his mental illness. *See* Appellant's Br. at 37–38. In *Finley*, the Sixth Circuit held that "[a] jury could . . . find that an accommodation was 'necessary' to avoid discrimination on the basis of [plaintiff's] disability" because "[a] mentally stable person in [plaintiff's] position would have experienced living conditions in segregated housing that—though restrictive—wouldn't have produced nearly the same deleterious impact." 102 F.4th at 821 (citation omitted).

      ***Second***, while the Court need not decide whether Secretary Wetzel is entitled to qualified immunity on Appellant's Fourteenth Amendment claim, *see* Appellant's Reply Br. at 19–21, *Finley* supports Appellant's argument that qualified immunity is not warranted here. Specifically, *Finley* supports Appellant's position that Mr. Williams's known history of mental illness and suicidality gave him a clearly established liberty interest in avoiding prolonged solitary confinement. *See* Appellant's Reply Br. at 21–23. "Considering an inmate's personal characteristics when determining the presence of an atypical and significant hardship seems both appropriate and intuitive." *Finley*, 102 F.4th at 815. Explaining that "every court to reach the issue has endorsed the consideration of inmate-specific vulnerabilities," *id.* at 814, and "see[ing] no reason to create a circuit

split," the Sixth Circuit held that the plaintiff's "severe psychiatric disorders that render him particularly vulnerable to solitary confinement's destructive force" meant that he had a liberty interest in avoiding the three months of solitary confinement to which he was subjected, *id.* at 815. *Finley*'s recency does not obviate its relevance to the qualified-immunity analysis here because the cases on which it relies long pre-date Mr. Williams's release from solitary confinement. *Id.* at 814; *see El v. City of Pittsburgh*, 975 F.3d 327, 340 & n.8 (3d Cir. 2020).

                                                  Respectfully submitted,

                                                  *s/ Matthew A. Feldman*
                                                  Matthew A. Feldman
                                                  *Counsel for Appellant*

cc: Anthony Kovalchick, Counsel for Appellees (*via CM/ECF*)