

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

MICHELLE A. HENRY
ATTORNEY GENERAL

July 26, 2024

*Via CM/ECF*
Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *Roy Lee Williams v. Secretary Pennsylvania Department of Corrections*, No. 22-2399 (Response to Appellant Roy Williams' Rule 28(j) Letter)

Dear Ms. Dodszuweit:

      The Sixth Circuit's decision in *Finley v. Huss*, 102 F.4th 789 (6th Cir. 2024), does not support the position taken by Appellant Roy Williams. Importantly, the Sixth Circuit affirmed the District Court's decision granting the defendants' motion for summary judgment with respect to inmate Timothy Finley's procedural due process and statutory discrimination claims. *Finley*, 102 F.4th at 797-798. Critically, the Sixth Circuit determined that Finley had no viable ADA claim because he had not presented evidence of intentional discrimination. *Id.* at 823-825. That determination supports the DOC's position that Williams cannot recover any damages in this case. Given that Williams was housed in solitary confinement solely because of his death sentence (and not because of an alleged disability), the holding in *Finley* illustrates why this Court should affirm the District Court's decision. *Id.* at 824-825.

      The language in *Finley* "[c]onsidering an inmate's personal characteristics when determining the presence of an atypical and significant hardship" does not help Williams' case either. *Finley*, 102 F.4th at 815. The personal-capacity defendants in that case subjectively "knew about Finley's serious mental-health problems and repeated instances of self-harm." *Id.* at 797. That was not true here.

      The alleged suicide attempt of July 3, 1996, was properly discounted because Williams himself described it as a "fake" attempt designed to get him immediate access to a telephone. JA114; ECF No. 24-1 at 26. Two days later, a

mental health professional noted that Williams had merely "intended to manipulate the system" and had not truly attempted suicide. JA294; ECF No. 28 at 3. The medical opinions describing Williams as mentally ill in September 1996 were rejected during the PCRA proceedings. *Commonwealth v. Williams*, 846 A.2d 105, 110-111, 113 (Pa. 2004). A progress note dated August 8, 2002, stated that Williams had "no suicide attempts" in his past. JA294; ECF No. 28 at 3. And Williams has not presented any evidence exhibiting indications of a mental illness between that date and December 3, 2019. Because Secretary Wetzel had no knowledge of Williams' alleged disability, he cannot be held liable and is shielded by qualified immunity.

          Respectfully submitted,

          MICHELLE A. HENRY
          Attorney General

By:   /s/ Anthony T. Kovalchick
      Anthony T. Kovalchick
      Deputy Attorney General
      Bar No. 89056 (Pa.)

      Sean A. Kirkpatrick
      Chief Deputy Attorney General
      Appellate Litigation Section

Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
Phone: (412) 565-2543
akovalchick@attorneygeneral.gov

cc:   Matthew A. Feldman, Counsel for Appellant Roy Lee Williams
      mfeldman@pailp.org (Via MC/ECF)